**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSEF STEELE, : | |
| : | Civil No. 06-92 (WJM) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **O P I N I O N** |
| NEW JERSEY STATE PAROLE : | |
| BOARD, et al., : | |
| : | |
| Defendants. : | |
| _____ : | |

**APPEARANCES:**

    YUSEF STEELE, Plaintiff, pro se
    # 4313341
    East Jersey State Prison
    300987C D-Unit
    Lock Bag R.D.
    Rahway, New Jersey 07065

**MARTINI**, District Judge

Plaintiff, Yusef Steele ("Steele"), confined at the East Jersey State Prison in Rahway, New Jersey at the time he submitted this Complaint for filing, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence and his prison account statements, it appears that plaintiff is qualified to proceed as an indigent. Therefore, the Court will grant plaintiff's application to proceed in forma pauperis and direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee.

Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the Complaint should be dismissed without prejudice.

## I.   BACKGROUND

Steele filed this civil rights action under 42 U.S.C. § 1983 as against the following defendants: the New Jersey State Parole Board (hereinafter, the "Board") and Mario A. Paparozzi, Chairman.. (Complaint, Caption, ¶¶ 4b, c and 6).  The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Steele was sentenced on September 16, 2005 to a three-year flat prison term to run concurrent with another three-year term. He received 17 months jail credit toward his sentence.  Steele alleges that he was ready for a parole hearing as of September 17, 2005, but has not had a hearing scheduled.  He received a letter from the Parole Board Chairman requesting pre-parole material on November 4, 2005, but again no date was scheduled for a parole hearing.  Steele asserts that he is more than 80 days past his parole eligibility date and no hearing has yet been scheduled.  He claims that the failure to schedule a parole hearing violates his due process rights and liberty interest. (Compl., ¶ 6).

In particular, Steels seeks his release on parole and "punitive" damages in the amount of $2,000.00 to be paid for everyday he remains in custody from September 17, 2005. (Compl., ¶ 7).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must

---

[1] The PLRA also requires the courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that Yusef has incurred any strikes to date under 28 U.S.C. § 1915(g).

3

"accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim, but lacked sufficient detail to

function as a guide to discovery, was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   **SECTION 1983 LIABILITY**

The Complaint asserts an action under 42 U.S.C. § 1983, alleging violations of plaintiff's constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48

5

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

In his Complaint, Steele asserts that he should be released from prison because he is more than 80 days beyond his parole eligibility date and no parole eligibility hearing has been scheduled. He seeks his immediate release plus money damages for everyday he remains in prison since September 17, 2005, the date he alleges he was eligible for parole.

There is no federal constitutional right to parole; states, however, may create a parole entitlement protected by the Due Process Clause. See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). See also Board of Pardons v. Allen, 482 U.S. 369 (1987); Prevard v. Fauver, 47 F. Supp.2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999).

Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections. See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Board v. Byrne, 93 N.J. 192, 203 (1983). Judge Lifland of this Court has held that these cases remain good law even after taking into account the rule announced by the Supreme Court in Sandin v. Conner, 515 U.S. 472, 484

(1995) (citations omitted), that liberty interests created by state law "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Watson v. DiSabato, 933 F. Supp. 390, 392-93 (D.N.J. 1996) (prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response).

The question remains what process is due. The Supreme Court of New Jersey has stated that

> Only a few basic procedures are required to deal with the risks of erroneous or arbitrary determinations in this context. We conclude that the process required is notice of the pendency of the parole disposition, a statement by the objecting judge or prosecutor of the reasons why the punitive aspects of the sentence have not been fulfilled, and the opportunity for the prisoner to respond in writing to that statement of reasons. No hearing, confrontation, or counsel issues are implicated here.

Byrne, 93 N.J. at 211.

However, Judge Thompson of this Court has held that due process does not require that a hearing be held in exact accordance with the time period specified by the applicable New Jersey statutes. See Burgos v. New Jersey State Parole Board, 2000 WL 33722126, *8 (D.N.J. Aug. 7, 2000). While delay for an extended period of time may violate a prisoner's due process

rights, "procedural errors are generally cured by holding a new hearing in compliance with due process requirements." Id. at *8-9. See also Johnson v. Paparozzi, 219 F. Supp.2d 635, 642 (D.N.J. 2002).

This is not to say that every allegation of constitutional violations in parole proceedings is the proper subject for an action under § 1983. In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser,

whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id. at 489-90.

Later, in Edwards v. Balisok, 510 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment.  520 U.S. at 646-8.  See also Benson v. New Jersey State Parole Board, 947 F. Supp. 827 (D.N.J. 1996).  In Benson, petitioner sought both a writ of habeas corpus and declaratory relief and punitive damages under § 1983 for allegations that he had been denied a timely parole hearing, and that his parole eligibility date had been miscalculated.  Id. at 828.  The Court held that a decision in Benson's favor would "necessarily entail a determination of Benson's proper initial parole eligibility date."  Id. at 832.  Further, the Court determined that Benson's suit was an attack on the duration of confinement because he

10


sought to "correct" his parole eligibility records by way of declaratory judgment.  See id. (citations omitted).  Because Benson ultimately sought an earlier parole eligibility date, his claims were reviewable by habeas petition only.  See id. (citation omitted).

Thus, when a dispute "goes only to the manner in which the Board has considered plaintiff's parole, and [when] plaintiff does not claim that the review process must actually lead to his parole or to an earlier parole eligibility date, plaintiff's claim may proceed under 42 U.S.C. § 1983."  Johnson v. Fauver, 786 F.Supp. 442, 445 (D.N.J.) (emphasis added), aff'd, 970 F.2d 899 (3d Cir. 1992); see also Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985), cert. denied, 475 U.S. 1028 (1986) (suit properly brought under § 1983 when it sought only the equal application of statutory furlough eligibility criteria, not plaintiff's release from incarceration); Salaam v. Consovoy, No. 99-cv-5692, 2000 WL 33679670, *2 (D.N.J. April 14, 2000) (a claim properly may be brought as a § 1983 action when the plaintiff is neither seeking an earlier parole eligibility date, nor challenging the parole board's calculation of his eligibility date).  However, where the dispute centers on the actual date for a parole eligibility hearing for the purpose of seeking earlier release from prison, the action is reviewable by habeas petition only.  Benson, 947 F. Supp. at 832.

Here, Steele complains that there has been a delay of his parole eligibility hearing beyond his alleged parole eligibility date ("PED"), which is in dispute, and he is seeking his immediate release.  He asserts that he should have been released on September 17, 2005, and that his continued incarceration beyond that date violates his liberty interest.  He specifically seeks immediate release from prison.  To the extent that Steele argues that he was entitled to release from prison some time ago, this claim appears to be disputed by the facts.  The internet site for the New Jersey Department of Corrections Offender Search shows that Steele's projected maximum release date is June 1, 2007, and that there is no applicable projected parole eligibility date.  Thus, it would appear that the Board has determined that Steele is not eligible for parole or early release from prison.  Therefore, if Steele is challenging the Board's decision denying parole eligibility hearing, any such claim must be raised by way of a habeas corpus petition after exhaustion of state remedies.  See, e.g., Murphy v. Travis, 36 Fed. Appx. 679, 2002 WL 1283685 (2d Cir. June 10, 2002) (unpubl., text in Westlaw); Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997); Burkett v. Love, 89 F.3d 135 (3d Cir. 1996); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995).

There is no allegation in the Complaint that Steele has exhausted his state court remedies before proceeding with this

action in federal district court. Therefore, the claim challenging denial of a parole eligibility hearing and seeking immediate release will be dismissed without prejudice to Steele bringing such claim by way of a federal habeas petition after he has exhausted his state court remedies.

Moreover, the action for damages is not cognizable pursuant to Heck and Benson. Any decision in Steele's favor would necessarily entail a determination of Steele's initial parole eligibility date, which there does not appear to be one. See Benson at 832. Therefore, the Complaint challenging a parole eligibility date and seeking plaintiff's immediate release from prison and damages for everyday he remains in custody will be dismissed without prejudice to Steele bringing such claim by way of a federal habeas petition after he has exhausted his state court remedies.

## V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a cognizable claim under 42 U.S.C. § 1983. An appropriate order follows.

s/William J. Martini

_____
WILLIAM J. MARTINI
United States District Judge

DATED: 6/19/06